

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 26, 1962

Honorable Thornton Hardie
Chairman, Board of Regents
The University of Texas
P. O. Box 92
El Paso, Texas

Opinion No. WW-1246

Re: Whether Article 2654b-1,
Vernon's Civil Statutes,
as amended by Acts 56th
Legislature applies to
military service veterans,
otherwise qualified, who
have not been "honorably
discharged" from such
military service.

Dear Mr. Hardie

In a recent opinion request of this office, you
quote in part from Article 2654b-1, V.C.S. Said Article
reads in part:

"Section 1. The governing boards
of the several institutions of collegiate
rank, supported in whole or in part by
public funds appropriated from the State
Treasury, are hereby authorized and
directed to except and exempt all citi-
zens of Texas, who have resided in Texas
for a period of not less than twelve (12)
months prior to the date of registration,
and who served during the Spanish-American
and/or during the World War as nurses or
in the Armed Forces of the United States
during the World War, and who are honorably
discharged therefrom and who were bona fide
legal residents of this state at the time
of entering such service, from the payment
of all dues, fees and charges whatsoever,
including fees for correspondence courses;
. . ." (Emphasis added)

Your letter then makes the following statements and asks the
following questions:

"At the time of the first enact-
ment relating to the exemption of fees
it was generally understood that there
was only one type of honorable discharge.
Over the years the Federal Government
has modified the types of discharges to
be issued.  Apparently there are many
relating to the honorable discharge of
military personnel.  These are reflected
in the list attached to this opinion re-
quest.

"Article 2654b-1 was amended in 1959
by the 56th Legislature, Second Called
Session, but no reference was made to the
various types of honorable discharges
which are issued.  In view of the modifi-
cation by the Federal Government many
problems have arisen and there is uncer-
tainty in the meaning of the words
'honorably discharged.'  The precise
question is whether the above statute
applies only to a discharge using the
words, 'honorable discharge,' or does
it also include discharges 'under honor-
able conditions.'  We are informed that
discharges 'under honorable conditions'
are given in connection with a number
of the types listed, and in some instances
even though moral implications are
involved.  If discharges under honor-
able conditions are to be recognized,
are all persons discharged 'under honor-
able conditions' entitled to the benefits
of Article 2654b-1?  If not, what stand-
ard is the University to apply in deter-
mining those eligible and what is the
extent of the University's obligation to
investigate the facts and reasons behind
each such discharge?"  (Emphasis added)

When construing technical words of a particular
art, trade or subject matter which are contained in a Texas
statute, it is necessary to give such words the meaning which
they are given by the experts of the particular art, trade,
or subject matter.  Article 10, Subdivision 1, Revised Civil
Statutes of Texas, 1925.  As a consequence, it is proper to

consider the meaning attaching to such words of art at the time of the passage of the original act as well as at the time of passage of amendments to said act employing such words. In the instant case the words in question are "honorably discharged."

Article 2654b-1 was first enacted in 1933 by Acts 43rd Leg., 1933, 1st C.S., Ch. 6, p. 10 and Section 1 thereof provided for free tuition for Spanish-American War and World War I veterans who are "honorably discharged" from such military service.

In 1943 by Acts 48th Leg. 1943, Ch. 337, p. 568, Section 3 was added to said article so as to extend free tuition to veterans of World War II who are "honorably discharged" from the military service.

In 1953 by Acts 53rd Leg., 1953, Ch. 55, p. 75, the benefits of Section 1 of Article 2654b-1 were extended to include Korean War veterans. This extension of benefits was made by a reference to Section 1.

During the period from 1917, 1913 to 1959, the United States Army employed two administrative discharges - the "Honorable Discharge" and the so-called "Blue Discharge" - and one discharge by Court-Martial - the "Dishonorable Discharge." The United States Navy employed similar types of discharges plus one additional type of discharge by Court-Martial - the "Bad Conduct Discharge."

A review of the United States' Military Services regulations regarding separation from military service from the period of 1913 to 1959 and the discharge certificates issued thereunder, reveals that an "Honorable Discharge" is a categoric term or phrase applied to a specific type or kind of discharge. It is not a generic term applying to discharges that are other than "Dishonorable Discharges." Likewise, one who has received an Honorable Discharge Certificate upon separation from the military service during this period has been "Honorably Discharged" from the military services under regulations pertaining to the "Honorable Discharge." All Honorable Discharge Certificates have employed therein the phrase "This is to Certify that John Doe was HONORABLY DISCHARGED from the . . . ."

On January 14, 1959, as authorized by Title 10, U.S.C.A., the Department of Defense of the United States of America issued Directive No. 1332.14 which required the defense subdepartments within 90 days after said directive's issuance to standardize discharges from their respective military services so as to conform to Directive No. 1332.14. This directive provided for three categories of administrative discharges - "Honorable Discharge," "General Discharge" and "Undesirable Discharge," and two court-martial discharges - "Dishonorable Discharge" and "Bad Conduct Discharge."

It should again be emphasized that under Directive No. 1332.14 the "Honorable Discharge" remained a specific category or type of discharge. So you are in error in your opinion request when you state that over the years the Federal Government has modified the discharges from the military service so that there are now many types of discharges "relating to the honorable discharge of military personnel." There is still but one type or category of "Honorable Discharge" from the military service of the United States.

In July of 1959, the Legislature of the State of Texas re-enacted Section 1 of Article 2654b-1 in substantially the same form as it existed before such re-enactment. Acts 56th Leg. 1959, 2nd C.S., Ch. 12, p. 99. Said re-enactment again stated that the benefit of free tuition was to apply to veterans who are "Honorably Discharged" from the military service of the United States. By this action the Legislature clearly manifested its intent to apply the same meaning to the phrase "Honorably Discharged," as was applied to it by the Department of Defense when Directive No. 1332.14 was issued, and to have this meaning apply to those war veterans discharged from military service after the 1959 statutory amendment.

You are therefore informed, in answer to your first question, that Article 2654b-1 applies only to an "Honorable Discharge" and does not apply to any other categories of discharges issued administratively from the military services of the United States or issued by court-martial from the military services of the United States.

## SUMMARY

Article 2654b-1, V.C.S., applies only to veterans of the Spanish-American War, World War I, World War II and the Korean War who have been granted an "HONORABLE DISCHARGE" from the military services of the United States.

Yours very truly,

WILL WILSON
Attorney General of Texas

By ___Milton Richardson___
Milton Richardson
Assistant Attorney General

MR:afg

APPROVED:

OPINION COMMITTEE
Howard W. Mays, Chairman

Iola Wilcox
Gordon Zuber
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.